David Simantob, SBN 155790
Linda T. Hoshide, SBN 190403
Shannon L. Santos, SBN 260112
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone:    213.443.5100
Facsimile:    213.443.5101
Email: David.Simantob@wilsonelser.com
        Linda.Hoshide@wilsonelser.com
        Shannon.Santos@wilsonelser.com

*Attorneys for Plaintiff*
*SENTINEL INSURANCE COMPANY, LTD.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., an Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BERKELEY EXECUTIVES, INC.; THOMAS SMITH; MARIAN LATASHA WILLIS, acting as the duly appointed personal representative of the Estate of Raeshon Williams (deceased),<br><br>Defendants. | CASE NO.  3:19-cv-6312<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff SENTINEL INSURANCE COMPANY, LTD. ("Sentinel") hereby makes its Complaint against Defendants BERKELEY EXECUTIVES, INC. ("Berkeley Executives"), THOMAS SMITH ("Mr. Smith"), and MARIAN LATASHA WILLIS, acting as the duly appointed personal representative of the Estate of Raeshon Williams (deceased) ("Ms. Willis" or "Estate") (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1.      Sentinel brings this action to obtain a declaration that it has no duty to defend and/or indemnify Defendants under Policy No. 83 SBA NX0220 DV, issued to Berkeley Executives Inc., effective January 5, 2016 to January 5, 2017 ("Policy"), in connection with an underlying action entitled *Marian Latasha Willis v. Zip, Inc. et al.,* Alameda County Superior

1  Court, Case No. RG17866531 ("Underlying Action").

2      2.      Sentinel seeks a declaration that it has the right to withdraw from the defense of

3  Mr. Smith in the Underlying Action.  In addition, Sentinel seeks a declaration that it has a right

4  to reimbursement from Mr. Smith for all defense fees and costs incurred in the Underlying

5  Action.

6                          **THE PARTIES**

7      3.      Plaintiff Sentinel is now and was at all relevant times a corporation formed under

8  the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

9  At all times mentioned in this Complaint, Sentinel has been authorized to do business in the State

10 of California.

11     4.      Defendant Berkeley Executives is a suspended corporation organized under the

12 laws of the State of California with its principal place of business in Berkeley, California.

13     5.      Defendant Mr. Smith is an individual residing in Berkeley, California.  Mr. Smith

14 is the agent for service of process, located in Berkeley, California, for Berkeley Executives

15 pursuant to the California Secretary of State.

16     6.      Defendant Ms. Willis is an individual residing in Berkeley, California.

17                      **JURISDICTION AND VENUE**

18     7.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57

19 of the Federal Rules of Civil Procedure to resolve an actual controversy between the parties as

20 set forth herein.  This Court has jurisdiction over this action pursuant to 28 U.S.C §1332, because

21 there is complete diversity of citizenship between Defendants and Sentinel and there is more than

22 $75,000 in controversy.

23     8.      Venue is proper pursuant to 28 U.S.C. § 1391(a).  Venue is proper in this Court

24 pursuant to 28 U.S.C. § 1391(b), because this is a civil action in which subject matter jurisdiction

25 is founded only on diversity of citizenship and the action is brought in a judicial district where

26 Berkeley Executives was doing business in California at all relevant times.

27 / / /

28 / / /

COMPLAINT FOR DECLARATORY RELIEF
                                                              Case No.

**INTRADISTRICT ASSIGNMENT**

9.      It is appropriate to assign this case to the San Francisco Division because this case arose in Alameda County, California and a substantial part of the events which give rise to this action occurred within the county of Alameda pursuant to Northern District of California Local Rule 3-2(c) and (d).

**SENTINEL'S POLICY**

10.     Sentinel issued the Policy to Berkeley Executives.  A true and correct copy of the relevant portions of the Policy is attached as Exhibit "A" to this Complaint.

11.     The Policy contains a Business Liability Coverage Form [Form SS 00 08 04 05], which provides, in pertinent part, as follows:

**A.    COVERAGES**

      **1.    BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**

      **Insuring Agreement**

      **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

      We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result.

      ***

**C.    WHO IS AN INSURED**

      **1.    If you are designated in the Declarations as:**

      ***

      **d.**    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your

COMPLAINT FOR DECLARATORY RELIEF

      Case No.

stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

    a. **Employees And Volunteer Workers**

Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees," other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

However, none of these "employees" or "volunteer workers" are insureds for:

    (1) "Bodily injury" or "personal and advertising injury":

        (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business; … .

\*\*\*

E. **LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS**

\*\*\*

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    a. **Notice Of Occurrence Or Offense**

You or any additional insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    (1) How, when and where the "occurrence" or offense took place;

    (2) The names and addresses of any injured persons and witnesses; and

COMPLAINT FOR DECLARATORY RELIEF

Case No.

(3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**    **Notice Of Claim**

If a claim is made or "suit" is brought against any insured, you or any additional insured must:

(1)    Immediately record the specifics of the claim or "suit" and the date received; and

(2)    Notify us as soon as practicable.

You or any additional insured must see to it that we receive a written notice of the claim or "suit" as soon as practicable.

**c.**    **Assistance And Cooperation Of The Insured**

You and any other involved insured must:

(1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2)    Authorize us to obtain records and other information;

(3)    Cooperate with us in the investigation, settlement of the claim or defense against the "suit"; and

(4)    Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

***

**G.**    **LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

***

**5.**    "Bodily injury" means physical:

**a.**    Injury;

**b.**    Sickness; or

**c.**    Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

COMPLAINT FOR DECLARATORY RELIEF

Case No.

\*\*\*

17.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.    False arrest, detention or imprisonment;

    b.    Malicious prosecution;

    c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor; *(as amended by Business Liability Coverage Form Amendatory Endorsement [Form SS 00 60 09 15])*

    d.    Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.    Oral, written or electronic publication of material that violates a person's right of privacy;

    f.    Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

    g.    Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement";

\*\*\*

20.    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

As used in this definition, "electronic data" is not tangible property.

(Exh. A, Policy, A-29, A-38, A-43, A-48, A-50, A-51, A-54.)

12.    This Policy also contains an Umbrella Liability Provisions form [Form SX 80 02 04 05] ("Umbrella Liability Form"), which provides, in part, as follows:

COMPLAINT FOR DECLARATORY RELIEF

Case No.

**SECTION I - COVERAGES**

**INSURING AGREEMENTS**

**A.     Umbrella Liability Insurance**

        **1.**    We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury' to which this insurance applies cause by an "occurrence". But, the amount we will pay as "damages" is limited as described in **Section IV - LIMITS OF INSURANCE**. …

***

**SECTION III – WHO IS AN INSURED**

**A.**    If you are doing business as:

***

        **4.**    An organization other than a partnership, joint venture or limited liability company, you are an "insured". Your "executive officers" and directors are "insureds", but only with respect to their duties as your officers or directors. Your stockholders are also "insureds", but only with respect to their liability as stockholders.

***

**B.**    Each of the following is also an "insured":

        **1.**    Your "volunteer workers" only while performing duties related to the conduct of your business or your "employees" other than your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts:

                **a.**    Within the scope of their employment by you or while performing duties related to the conduct of your business; and

                **b.**    Only if such "volunteer workers" or "employees" are "insureds" in the "underlying insurance" with limits of liability at least as high as set forth in the Extension Schedule of Underlying Insurance Policies, subject to all the limitations upon coverage and all other policy terms and conditions of such "underlying insurance" and this policy.

***

COMPLAINT FOR DECLARATORY RELIEF

Case No.

**SECTION VI – CONDITIONS**

***

**C.      Duties In The Event Of Occurrence, Claim or Suit**

***

    **3.**    You and any other involved "insured" must:

        **(a)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit" involving or likely to involve a sum in excess of any "self-insured retention" or "underlying insurance", whichever applies";

        **(b)**    Authorize us to obtain records and other information;

        **(c)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

        **(d)**    Assist us, upon our request in the enforcement of any right against any person or organization which may be liable to the "insured" because of injury or damage to which this policy or any "underlying insurance" or "self-insured retention" may apply.

***

**D.      Assistance and Cooperation of the Insured**

The "insured" shall:

    **1.**    Cooperate with us and comply with all the terms and conditions of this policy; and

    **2.**    Cooperate with any of the underlying insurers as required by the terms of the "underlying insurance" and comply with all the terms and conditions thereof.

The "insured" shall enforce any right of contribution or indemnity against any person or organization who may be liable to the "insured" because of "bodily injury", "property damage" or "personal and advertising injury" with respect to this policy or any "underlying insurance".

***

**SECTION VII - DEFINITIONS**

**Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow**

the definitions of the applicable "underlying insurance" policy.

\*\*\*

I.      **"Underlying insurance"** means the insurance policies listed in the Extension Schedule of the Underlying Insurance Policies.

(Exh. A, Policy, A-72, A-77, A-78, A-80, A-81, A-83, A-84.)

13.     The Policy also contains the Following Form Endorsement – Personal And Advertising Injury endorsement [Form SX 24 33 06 10], which modifies the Umbrella Liability Form in relevant part as follows:

Exclusion **B.4** (**Section I – Coverages**), is replaced by the following:

**4.      Personal and Advertising Injury**

This policy does not apply to "personal and advertising injury".

**EXCEPTION**

This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance", but in no event shall any "personal and advertising injury' coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply. Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies.

(Exh. A, Policy, A-94.)

## THE UNDERLYING ACTION

14.     This declaratory relief action arises out of an insurance coverage dispute between Sentinel and Defendants as to whether Sentinel has a duty to defend and/or indemnify Berkeley Executives or Mr. Smith (collectively the "Berkeley Defendants") in the Underlying Action.

15.     Sentinel brings this action against the Estate as the Estate is currently prosecuting the Underlying Action against the Berkeley Defendants.  Through this action, Sentinel seeks a ruling that the coverage determinations made by this Court with respect to the rights and obligations under the Policy be binding upon the Estate should the Estate prevail in the Underlying Action against the Berkeley Defendants.

1    16.    The Complaint in the Underlying Action was filed against the Berkeley

2    Defendants for Compensatory Wrongful Death and Survival Damages Under General Maritime

3    Law.  A true and correct copy of the Complaint filed in the Underlying Action ("Underlying

4    Complaint") is attached as Exhibit "B" hereto.

5    17.    The Underlying Complaint alleges that Raeshon Williams ("Decedent") was an

6    employee of ZIP, Inc. and participated in a "team-building" work trip on August 13, 2016.  (Exh.

7    B, Underlying Complaint, ¶¶ 3, 11.)  Upon information and belief, the "team-building" event on

8    August 13, 2016 was only for Zip, Inc., not for Berkeley Executives.  The Underlying Action

9    alleges that Decedent sat behind Mr. Smith on a Wave Runner jet ski and that Decedent was

10   "thrown overboard" into the water where he "eventually drowned."   (Exh. B, Underlying

11   Complaint, ¶ 14.)

12   18.    Upon information and belief, Decedent was an employee for Zip, Inc. only, not

13   Berkeley Executives, and was at a "team building" event on August 13, 2016 for Zip, Inc. only.

14   Upon information and belief, Mr. Smith rented the Wave Runner under his own name and not on

15   behalf of Berkeley Executives.  Upon information and belief, Mr. Smith was at South Lake Tahoe

16   for his birthday celebration, not in connection with Berkeley Executives.

17   19.    Pursuant to the California Secretary of State, Berkeley Executives is a suspended

18   corporation.  Therefore, by law, Berkeley Executives lacks the capacity to defend itself against

19   the Underlying Action.  Cal. Rev. & Tax Code § 23301, *et seq.*  As Berkeley Executives is a

20   suspended corporation, Sentinel cannot defend Berkeley Executives in the Underlying Action

21   absent intervention to protect Sentinel's interests.

22   20.    Mr. Smith is identified through the California Secretary of State as the Chief

23   Executive Officer ("CEO") for Berkeley Executives.

24   21.    Sentinel has no duty to defend Mr. Smith in the Underlying Action, because Mr.

25   Smith does not qualify as an insured under the Policy for the Underlying Action, among other

26   Policy defenses.

27   22.    The Policy contains "Who Is An Insured" provisions, quoted above.  The Policy

28   identifies the named insured, "Berkeley Executives," as a corporation.  Therefore, pursuant to the

COMPLAINT FOR DECLARATORY RELIEF
Case No.

"Who Is An Insured" provisions of the Policy, the "executive officers" and directors of Berkeley Executives potentially qualify as insureds but only with respect to their duties as its officers or directors.  The employees of Berkeley Executives also potentially qualify as insureds but only for acts within the scope of their employment with Berkeley Executives or while performing duties related to the conduct its business.

23.    The Underlying Action alleges that Mr. Smith is an employee or officer of Berkeley Executives.  (Exh. B, Underlying Complaint, ¶ 10.)  However, on or about June 28, 2018, Mr. Smith advised Sentinel that, at the time of the accident alleged in the Underlying Action, Mr. Smith was at South Lake Tahoe for personal reasons and was not at South Lake Tahoe on behalf of Berkeley Executives.  Upon information and belief, Mr. Smith rented the alleged Wave Runner at issue in the Underlying Action under his own name and not on behalf of Berkeley Executives.  Upon information and belief, Decedent was at a "team building" event for Zip, Inc. only, not Berkeley Executives.  In fact, Mr. Smith advised Sentinel that he was at South Lake Tahoe for his birthday celebration and not in connection with Berkeley Executives.  This information was confirmed through the deposition of the Person Most Qualified on behalf of Zip, Inc. in the Underlying Action.

24.    Even if Mr. Smith was an "executive officer" or director of Berkeley Executives, he would only potentially qualify as an insured under the Policy with respect to his duties as its officer or director.  In addition, even if Mr. Smith was an employee of Berkeley Executives, he would only potentially qualify as an insured for acts within the scope of his employment with Berkeley Executives or while performing duties related to the conduct its business.  As Mr. Smith was at South Lake Tahoe for personal reasons and not on behalf of Berkeley Executives, he was not acting with respect to his duties as an officer or director of Berkeley Executives or within the scope of his employment.  Therefore, Mr. Smith does not qualify as an insured under the Policy with regard to the Underlying Action.

25.    Sentinel agreed to defend Mr. Smith in the Underlying Action under the Policy under a reservation of rights, including Sentinel's right to withdraw from Mr. Smith's defense because Mr. Smith does not qualify as an insured, among other defenses.

COMPLAINT FOR DECLARATORY RELIEF
                                                                                      Case No.

26.     Sentinel retained Charles H. Horn, Esq. and Joseph A. Whitecavage, Esq. of LeClair Ryan LLP ("LeClairRyan") as defense counsel for Mr. Smith in the Underlying Action under a reservation of rights.

27.     The Policy contains certain Conditions including Mr. Smith's duty to "[c]ooperate with [Sentinel] in the investigation, settlement of the claim or defense against the 'suit'."  (Exh. A, Policy, A-43, A-81.)

28.     Mr. Smith has failed to cooperate with Sentinel, and, upon information and belief, Mr. Smith has failed to cooperate with LeClairRyan in the defense of the Underlying Action.

29.      Upon information and belief, LeClairRyan attempted to contact Mr. Smith dozens of times.  However, upon information and belief, Mr. Smith has failed to respond to LeClairRyan such that LeClairRyan has been unable to defend Mr. Smith in the Underlying Action.

30.     As Mr. Smith has not responded to LeClairRyan's communications, LeClairRyan was unable to continue its defense of the Underlying Action.  LeClairRyan filed a Motion to Be Relieved as Counsel in the Underlying Action and a Declaration in Support of the Motion to Be Relieved as Counsel on or about June 27, 2019 ("Motion to Be Relieved as Counsel").  A true and correct copy of the Motion to Be Relieved as Counsel is attached as Exhibit "C" hereto.

31.     The "Reasons for the Motion" as provided in the Declaration in Support of the Motion to Be Relieved as Counsel states, in part, as follows:

> **2.      Reasons for Motion. Attorney makes this motion to be relieved as counsel under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1) for the following reasons (describe):**
>
> Mr. Smith has been uncooperative, uncommunicative and will not return voicemail or emails, nor has he provided a current address. Mr. Smith's conduct has rendered it unreasonably difficult for counsel to carry out his representation effectively. Counsel has never received a substantive response from Mr. Smith despite multiple attempts. On three occasions he agreed to a time for a telephonic conference, but has never followed through. The last response from Mr. Smith was on February 15, 2019, when he agreed, via email, to participate in a telephone conference, but then failed to do so. California Rules of Professional Conduct 1.16.
>
> The service address and email addresses for Thomas Smith are the last known addresses for Mr. Smith and counsel has not been able to locate any other or more current addresses after making reasonable efforts to do

1    so within 30 days of the filing of this motion.

2    (Exh. C, Declaration in Support of the Motion to Be Relieved as Counsel, C-5.)

3         32.    As Mr. Smith failed to adequately communicate with Sentinel's appointed defense

4    counsel to prepare a defense to the Underlying Action, Mr. Smith has failed to cooperate under

5    the terms of the Policy.

6         33.    On dozens of occasions, Sentinel also attempted to contact Mr. Smith.  Mr. Smith

7    also failed to respond to Sentinel numerous times.  Sentinel provided Mr. Smith with numerous

8    opportunities over many months to cooperate with the defense of the Underlying Action.

9    However, Mr. Smith ignored Sentinel's requests to cooperate with the defense of the Underlying

10   Action.  In fact, Sentinel advised Mr. Smith of his duty to cooperate and consequences for his

11   failure to cooperate numerous times, including but not limited to the following:

12        a.    Email from Sentinel to Mr. Smith on February 13, 2019 advising in part:

13              "We look forward to hearing from you and remind you that your

14              cooperation is critical in order for us to continue to provide you with a

15              defense in this matter."  In response on February 14, 2019, Mr. Smith

16              advised he was available for a call on February 15, 2019 and provided a

17              phone number.  Despite numerous times to call him on February 15, 2019

18              at the phone number and time provided by Mr. Smith, Mr. Smith did not

19              answer his phone.

20        b.    Email from Sentinel to Mr. Smith on March 4, 2019 advising in part: "We

21              seriously need you to connect with counsel. . . . They need to speak with

22              you regard to your defense in this matter.  If we do not have the

23              cooperating necessary from you in order to properly defend you, Hartford

24              may choose to withdraw coverage which would not only mean no

25              potential for indemnification but also no further defense."

26        c.    Email to Mr. Smith on May 31, 2019 advising in part:  "It is imperative

27              that you contact Attorney Charles Horn immediately.  Your failure to

28              cooperate will impede counsel's ability to defend this matter on your

COMPLAINT FOR DECLARATORY RELIEF
Case No.

behalf. Multiple attempts have been made to contact you over a period of months with no response. Please note that you have an obligation under the policy of insurance issued by The Hartford to cooperate and that failure to cooperate may affect your coverage under the policy."

34.     As Mr. Smith has failed to cooperate in the defense in the Underlying Action, Mr. Smith has violated the Conditions provisions of the Policy.

35.     In his capacity as CEO for Berkeley Executives, Mr. Smith is responsible for the cooperation of Berkeley Executives under the terms of the Policy.  Through Mr. Smith's failure to cooperate in the defense of the Underlying Action, Berkeley Executives has also failed to comply with the cooperation clause in the Policy.

36.     Sentinel has no duty to defend to defend Mr. Smith in the Underlying Action, because Mr. Smith does not qualify as an insured under the Policy for the Underlying Action and because Mr. Smith has violated the Conditions provisions of the Policy.

37.     Sentinel has the right to withdraw its defense of Mr. Smith in the Underlying Action.

38.     Sentinel also has the right to seek reimbursement of any defense fees and costs incurred in the defense of Mr. Smith in the Underlying Action due to his failure to cooperate in the defense.

39.     Sentinel further has no duty to defend or indemnify Berkeley Executives in the Underlying Action as it is a suspended corporation, failed to cooperate in its defense, and has no potential liability as Mr. Smith rented the subject Wave Runner in his individual capacity and not on behalf of Berkeley Executives.

## FIRST CAUSE OF ACTION

### (For Declaratory Relief Re: No Duty to Defend Berkeley Executives
### in the Underlying Action under the Policy)

40.     Sentinel hereby incorporates and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

/ / /

41.     Sentinel requests a judicial declaration that it has no duty to defend Berkeley Executives under the Policy in the Underlying Action.

42.     Sentinel is informed and believes and thereon alleges that Sentinel has no duty to defend Berkeley Executives under the Policy in the Underlying Action.

43.     Sentinel is informed and believes and thereon alleges that Berkeley Executives disputes that Sentinel has no duty to defend it in the Underlying Action.

44.     There exists a genuine and bona fide dispute and an actual controversy and disagreement between Sentinel and Berkeley Executives concerning whether Sentinel has any duty to defend Berkeley Executives in the Underlying Action.

45.     Sentinel contends that it has no duty to defend Berkeley Executives in the Underlying Action under the Policy for the following reasons, among others:

(a)     Berkeley Executives is a suspended corporation and lacks capacity to defend itself in the Underlying Action.

(b)     Berkeley Executives has no liability in the Underlying Action as the subject Wave Runner was rented in Mr. Smith's name alone and not on behalf of Berkeley Executives.

(c)     Mr. Smith has failed to cooperate with Sentinel and/or with defense counsel retained for Mr. Smith in the Underlying Action.  Through Mr. Smith's failure to cooperate, Berkeley Executives also failed to cooperate in the defense of the Underlying Action in breach of the terms of the Policy.

(d)     Despite dozens of attempts by Sentinel, Mr. Smith has failed to respond to Sentinel regarding the Underlying Action.

(e)     Upon information and belief, Mr. Smith has also failed to respond to LeClairRyan despite dozens of attempts.

(f)     LeClairRyan filed a Motion to Be Relieved as Counsel on or about June 27, 2019.

(g)     The "Reasons for the Motion" as provided in the Declaration in Support of the Motion to be Relieved as Counsel states in part as follows:

COMPLAINT FOR DECLARATORY RELIEF
Case No.

1.      Mr. Smith has been uncooperative, uncommunicative, and will not return voicemail or emails, nor has he provided a current address.

2.      Mr. Smith's conduct has rendered it unreasonably difficult for counsel to carry out his representation effectively.

3.      LeClairRyan has never received a substantive response from Mr. Smith despite multiple attempts.

4.      On three occasions, Mr. Smith agreed to a time for a telephonic conference but has never followed through.

5.      The last response from Mr. Smith was on February 15, 2019, when he agreed, via email, to participate in a telephone conference, but then failed to do so.

(h)      The Underlying Action does not allege "property damage" caused by an "occurrence" as those terms are defined in the Policy.

(i)      The Underlying Action does not allege an enumerated "personal or advertising injury" offense as defined in the Policy.   In addition, the Umbrella Liability part of the Policy excludes coverage for "personal or advertising injury."

46.      Sentinel also relies upon all additional terms, definitions, exclusions, conditions, and endorsements in the Policy not specifically identified herein that potentially limit or preclude coverage for the duty to defend under the Policy for the Underlying Action.

## SECOND CAUSE OF ACTION

**(For Declaratory Relief Re: No Duty to Defend Mr. Smith in the Underlying Action under the Policy)**

47.      Sentinel hereby incorporates and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

48.      Sentinel requests a judicial declaration that it has no duty to defend Mr. Smith under the Policy in the Underlying Action.

/ / /

COMPLAINT FOR DECLARATORY RELIEF

Case No.

49.     Sentinel is informed and believes and thereon alleges that Sentinel has no duty to defend Mr. Smith under the Policy in the Underlying Action.

50.     Sentinel is informed and believes and thereon alleges that Mr. Smith disputes that Sentinel has no duty to defend him in the Underlying Action.

51.     There exists a genuine and bona fide dispute and an actual controversy and disagreement between Sentinel and Mr. Smith concerning whether Sentinel has any duty to defend him in the Underlying Action.

52.     Sentinel contends that it has no duty to defend Mr. Smith in the Underlying Action under the Policy for the following reasons, among others:

(a)     Mr. Smith does not qualify as an insured under the Policy for the Underlying Action.

(b)     Mr. Smith has failed to cooperate with Sentinel and/or with defense counsel retained for Mr. Smith in the Underlying Action.

(c)     Despite dozens of attempts by Sentinel, Mr. Smith has failed to respond to Sentinel regarding the Underlying Action.

(d)     Upon information and belief, Mr. Smith has also failed to respond to LeClairRyan despite dozens of attempts.

(e)     LeClairRyan filed a Motion to Be Relieved as Counsel on or about June 27, 2019.

(f)     The "Reasons for the Motion" as provided in the Declaration in Support of the Motion to Be Relieved as Counsel states in part as follows:

1.      Mr. Smith has been uncooperative, uncommunicative, and will not return voicemail or emails, nor has he provided a current address.

2.      Mr. Smith's conduct has rendered it unreasonably difficult for counsel to carry out his representation effectively.

3.      LeClairRyan has never received a substantive response from Mr. Smith despite multiple attempts.

///

COMPLAINT FOR DECLARATORY RELIEF

Case No.

4.      On three occasions, Mr. Smith agreed to a time for a telephonic conference but has never followed through.

5.      The last response from Mr. Smith was on February 15, 2019, when he agreed, via email, to participate in a telephone conference but then failed to do so.

(g)     The Underlying Action does not allege "property damage" caused by an "occurrence" as those terms are defined in the Policy.

(h)     The Underlying Action does not allege an enumerated "personal or advertising injury" offense as defined in the Policy.   In addition, the Umbrella Liability part of the Policy excludes coverage for "personal or advertising injury."

53.     Sentinel also relies upon all additional terms, definitions, exclusions, conditions, and endorsements in the Policy not specifically identified herein that potentially limit or preclude coverage for the duty to defend under the Policy for the Underlying Action.

## THIRD CAUSE OF ACTION

**(For Declaratory Relief Re: Right to Withdraw from the Defense of Mr. Smith in the Underlying Action)**

54.     Sentinel hereby incorporates and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

55.     Sentinel requests a judicial declaration that it has a right to withdraw from the defense of Mr. Smith in the Underlying Action.

56.     Sentinel is informed and believes and thereon alleges that it has a right to withdraw from the defense of Mr. Smith in the Underlying Action.

57.     Sentinel is informed and believes and thereon alleges that Mr. Smith disputes that Sentinel has a right to withdraw from the defense in the Underlying Action.

58.     There exists a genuine and bona fide dispute and an actual controversy and disagreement between Sentinel and Mr. Smith concerning whether Sentinel has the right to withdraw from Mr. Smith's defense in the Underlying Action.

COMPLAINT FOR DECLARATORY RELIEF

59.    Sentinel agreed to defend Mr. Smith under a reservation of rights, including a reservation of rights to withdraw from the defense in the Underlying Action.

60.    Mr. Smith has failed to cooperate with LeClairRyan and Sentinel in the defense in the Underlying Action, in violation of the Policy's cooperation clause.

61.    Sentinel contends that it has the right to withdraw from the defense of Mr. Smith in the Underlying Action under the Policy for the follow reasons, among others:

(a)    Mr. Smith does not qualify as an insured under the Policy for the Underlying Action.

(b)    Mr. Smith has failed to cooperate with Sentinel and/or with defense counsel retained for Mr. Smith in the Underlying Action.

(c)    Despite dozens of attempts by Sentinel, Mr. Smith has failed to respond to Sentinel regarding the Underlying Action.

(d)    Upon information and belief, Mr. Smith has also failed to respond to LeClairRyan despite dozens of attempts.  LeClairRyan filed a Motion to Be Relieved as Counsel on or about June 27, 2019.

(e)    The "Reasons for the Motion" as provided in the Declaration in Support of the Motion to Be Relieved as Counsel states in part as follows:

1.    Mr. Smith has been uncooperative, uncommunicative, and will not return voicemail or emails, nor has he provided a current address.

2.    Mr. Smith's conduct has rendered it unreasonably difficult for counsel to carry out his representation effectively.

3.    LeClairRyan has never received a substantive response from Mr. Smith despite multiple attempts.

4.    On three occasions, Mr. Smith agreed to a time for a telephonic conference but has never followed through.

5.    The last response from Mr. Smith was on February 15, 2019, when he agreed, via email, to participate in a telephone conference but then failed to do so.

COMPLAINT FOR DECLARATORY RELIEF
Case No.

(f)     The Underlying Action does not allege "property damage" caused by an "occurrence" as those terms are defined in the Policy.

(g)     The Underlying Action does not allege an enumerated "personal or advertising injury" offense as defined in the Policy.   In addition, the Umbrella Liability part of the Policy excludes coverage for "personal or advertising injury."

62.     Sentinel also relies upon all additional terms, definitions, exclusions, conditions, and endorsements in the Policy not specifically identified herein that impact Sentinel's right to withdraw from the defense of Mr. Smith under the Policy for the Underlying Action.

## FOURTH CAUSE OF ACTION

**(For Declaratory Relief Re: Right to Seek Reimbursement of Defense Fees and Costs Incurred In the Underlying Action from Mr. Smith)**

63.     Sentinel hereby incorporates and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

64.     Sentinel requests a judicial declaration that it has a right to reimbursement from Mr. Smith under the Policy for defense fees and costs that Sentinel paid toward the defense of Mr. Smith in the Underlying Action.

65.     Sentinel agreed to defend Mr. Smith in the Underlying Action but under a reservation of rights to seek reimbursement under the Policy.

66.     Sentinel contends that it has no duty to defend and/or indemnify Mr. Smith under the Policy in the Underlying Action.

67.     Sentinel has a right to seek reimbursement from Mr. Smith for any amounts paid toward his defense as Mr. Smith does not qualify as an insured under the Policy and has failed to cooperate in the Underlying Action as required by the Conditions provisions of the Policy, among other defenses.

68.     Sentinel is informed and believes and thereon alleges that Mr. Smith disputes that Sentinel has a right to seek reimbursement from Mr. Smith for the defense fees and costs in the Underlying Action.

COMPLAINT FOR DECLARATORY RELIEF
                                                                    Case No.

69.    There exists a genuine and bona fide dispute and an actual controversy and disagreement between Sentinel and Mr. Smith concerning whether Sentinel has the right to seek reimbursement from Mr. Smith for his defense fees and costs incurred in the Underlying Action.

## **PRAYER**

WHEREFORE, Sentinel prays for judgment against Defendants as follows:

1.    That the Court determine, decree, and adjudge that Sentinel is entitled to a declaration that it has no duty to defend the Berkeley Defendants in the Underlying Action under the Policy;

2.    That the Court determine, decree, and adjudge that Sentinel is entitled to a declaration that it has no duty to indemnify the Berkeley Defendants in the Underlying Action under the Policy;

3.    That the Court determine, decree, and adjudge that Sentinel is entitled to a declaration that it has the right to withdraw from the defense of Mr. Smith in the Underlying Action;

4.    That the Court determine, decree, and adjudge that Sentinel is entitled to a declaration that it has the right to seek reimbursement of the amount Sentinel paid to defend Mr. Smith in the Underlying Action;

5.    That the Court determine, decree, and adjudge that the coverage determinations made by this Court with respect to the rights and obligations under the Policy are binding upon the Estate should the Estate prevail in the Underlying Action against the Berkeley Defendants;

6.    For attorneys' fees and costs;

7.    For costs of suit incurred herein; and

/ / /

/ / /

COMPLAINT FOR DECLARATORY RELIEF
Case No.

1      8.      For such other and further relief as the Court deems fit and proper under the

2      circumstances and evidence.

3    Dated:  October 2, 2019                        WILSON ELSER MOSKOWITZ EDELMAN &
                                                    DICKER LLP
4

5                                          By:  */s/ Shannon L. Santos*
                                                    David Simantob
6                                                   Linda T. Hoshide
                                                    Shannon Santos
7                                                   *Attorneys for Plaintiff SENTINEL INSURANCE*
                                                    *COMPANY, LTD.*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3414475v.3                                    22
                                                                    Case No.